# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:99-CR-187-1-FDW**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM** |
| NICHOLEON BENARD HICKLEN, JR., ) | **OF DECISION** |
| ) | |
| Defendant. ) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1. Defendant is eligible for a sentence reduction to a period of confinement equal to 120 months (the statutory minimum) for the reasons set forth in the Supplement to the Presentence Report.

2. In the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) provides that the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

3. The full record before the Court reflects a defendant who displays a strong proclivity towards violence and the use of firearms, as well as a continued refusal to abide by the law as evidenced by

a recent citation for using drugs while incarcerated

4.  Upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the possible threat to public safety posed by the early release of a person with this defendant's criminal predispositions, and this defendant's post-sentencing conduct, the court finds:

    a.  That the original sentence of **121 months** is adequate, but no greater than necessary, to accomplish the objectives of sentencing, while a reduction would frustrate those objectives;[1] and

    b.  This sentence is within the amended guidelines range.

An appropriate Order shall issue separately.

Signed: August 11, 2008

Frank D. Whitney
United States District Judge

---

[1] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000).